UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              File No.  1:07-CR-74

v.

                              HON. ROBERT HOLMES BELL

DANNY RONALD LEGO,

        Defendant.

_____/

## O P I N I O N

This matter is before the Court on Defendant Danny Ronald Lego's motion to suppress evidence.  For the reasons that follow the motion will be denied.

### I.

Defendant Lego has been charged in a 5-count indictment with two counts of sexual exploitation of a child in violation of 18 U.S.C § 2551(a), (e); one count of possession of images of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2); one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2); and criminal forfeiture under 18 U.S.C. § 2253.

On January 28, 2006, Peggy Jo Grigg called the Sturgis Police Department to report two incidents of child pornography involving her minor daughters, CS age 11, and BG age 8.  Sgt. Richard Johnson responded to the complaint and interviewed Ms. Grigg and CS.

Searches were conducted of Defendant's house at 407 E. Hatch Street,[1] and his studio at 206 N. Orange Street, both in Sturgis, Michigan pursuant to search warrants issued by a state court magistrate.  Defendant has filed a motion to suppress the fruits of the searches on the basis that the two virtually identical affidavits in support of the search warrants failed to allege probable cause to believe Defendant produced or possessed images of child pornography, failed to allege a nexus to the search of his home, deliberately omitted information, and did not fall within the good faith doctrine.

## II.

The Fourth Amendment requires "probable cause" for searches and seizures. U.S. Const. amend. IV.  "'Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'"  *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)).  Probable cause will be found when there is a "fair probability" that evidence of a crime will be located on the premises of the proposed search.  *Id.* (quoting *United States v.*

---

[1]The search warrant affidavit and the search warrant describe a house at 407 W. Hatch Street.  The government has acknowledged that the house actually searched was the house at 407 E. Hatch Street.  The failure of the warrant to include an accurate address for the house does not appear to be a matter in contest for purposes of the motion to suppress.  In addition to the address, the warrant also described the house: "white painted stone two story residence with a barn shaped roof that sets on the corner of Hatch and Jean St. on the south side.  It has an unattached outbuilding, brown in color, located directly behind the residence.  There is a dirt driveway.  The numbers '407' appear on the building." (Search Warrant & Aff., Pl. Ex. 2.) Sgt. Johnson testified that when CS showed him where Defendant lived, she indicated the house at 407 E. Hatch Street.  Sgt. Johnson also testified that 407 W. Hatch Street does not intersect Jean Street.

*Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005)).  "Probable cause is based on the totality of the circumstances; it is a 'practical, non-technical conception that deals with the factual and practical considerations of everyday life.'" *United States v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (quoting *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)).

This Court's after-the-fact review of a warrant is limited in scope.  The review is not *de novo*.  *Illinois v. Gates*, 462 U.S. 213, 236 (1983).  "[T]he magistrate's determination of probable cause is afforded great deference and should be reversed only if arbitrarily made." *Jackson*, 470 F.3d at 306.  On review this Court must merely "determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984).  In determining the sufficiency of the evidence supporting a magistrate's probable cause determination, this Court is limited to the information presented in the four corners of the search warrant affidavit.  *Jackson*, 470 F.3d at 306.

## A.  Probable Cause re Evidence of a Crime

Defendant contends the affidavits failed to establish probable cause to believe that there was a fair probability that contraband or evidence of a crime would be found at either his home or his studio.

Defendant contends that the affidavits do not support probable cause to believe that evidence of a crime would be found at either location because there are no specific allegations that the girls ever claimed that Defendant took any nude photos of them or that

he had them pose in a sexually explicit manner, and there are no allegations that they ever saw any pornographic pictures or that he ever stored such pictures on his computer.

Michigan law makes it a crime to produce or attempt to produce child sexually abusive material.  M.C.L. § 750.145c(2).  "Child sexually abusive material" means any depiction of a child engaging in a listed sexual act. M.C.L. § 750.145c(1)(m). "Listed sexual act" includes passive sexual involvement or erotic nudity. M.C.L. § 750.145c(1)(h).  Passive sexual involvement is defined as "an act, real or simulated, that exposes another person to or draws another person's attention to an act of sexual intercourse, erotic fondling, sadomasochistic abuse, masturbation, sexual excitement, or erotic nudity because of viewing any of these acts or because of the proximity of the act to that person, for the purpose of real or simulated overt sexual gratification or stimulation of 1 or more of the persons involved."  M.C.L. § 750.145c(1)(j).  "Erotic nudity" is defined as the lascivious exhibition of the genital, pubic, or rectal area of any person.  M.C.L. § 750.145c(1)(g), (h).

Federal law makes it a crime to exploit children or to possess images of minors engaging in sexually explicit conduct. 18 U.S.C. §§ 2251, 2252. "Sexually explicit conduct" is defined to include "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256. Cases interpreting the federal act have held that it is not necessary that the genital or pubic area be unclothed. *See*, *e.g.*, *United States v. Boudreau*, 250 F.3d 279, 283 n.4 (5th Cir. 2001) (noting that lascivious exhibition of the genitals or pubic area does not require full or partial nudity); *United States v. Knox*, 977 F.3d 815, 820 (3rd Cir. 1992) (holding that nudity

is not a prerequisite for lascivious exhibition).  Rather, in determining whether an image

qualifies as "lascivious exhibition," courts apply the following a six factor-test:

> "1) whether the focal point of the visual depiction is on the child's genitalia or
> pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e. in a
> place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire,
> considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to
> engage in sexual activity;
> 6) whether the visual depiction is intended or designed to elicit a sexual
> response in the viewer."

*Knox*, 977 F.2d at 822 (quoting *United States v. Villard*, 885 F.2d 117, 122 (3rd Cir. 1989)).

*See also United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986).

In determining whether the affidavit was sufficient to describe passive sexual

involvement, erotic nudity, or lascivious exhibition of the genitals or pubic area, the Court

must judge the sufficiency of the affidavit "based on the totality of the circumstances, rather

than line-by-line scrutiny."  *Jackson*, 470 F.3d at 306.  The affidavit does not contain

sufficient descriptions of specific poses to permit a finding on all of the factors listed above.

Nevertheless, it does states that CS was photographed in thong bikinis and in a fur coat with

"nothing on underneath," that the photographs in the thong bikini "made her feel

uncomfortable," that she was required to pose "in different ways that she felt was revealing,"

and that at one point during the photography session she realized that her breast was exposed.

The affidavit also states that Defendant tried to get CS to play the game of "Truth or Dare"

for purposes of getting her to remove her clothing, which made CS feel uneasy, that Defendant told CS that "what happens here, stays here," and that Defendant grabbed CS's butt cheek, patted it, and told her she had a "nice butt." (Aff. ¶ 3.)  Based upon the totality of the circumstances described in the affidavit, the Court is satisfied that there was reasonable grounds for the magistrate to believe that the crime of producing or attempting to produce child sexually abusive material or images of minors engaging in sexually explicit conduct had been committed.

In addition, there were reasonable grounds for the magistrate to believe that the crime of second-degree or fourth-degree criminal sexual conduct had been committed.  Michigan law prohibits sexual contact with a person under 13 years of age, M.C.L. § 750.520c, and sexual contact with a person of any age where force is used.  M.C.L. § 750.520e.  For purposes of the Michigan criminal sexual conduct statute, the term "sexual contact" is defined to include the intentional touching of the victim's intimate parts, if that intentional touching can reasonably be construed as being for the purposes of sexual arousal or gratification.  M.C.L. § 750.520a(n).  The term "intimate parts" is defined to include the buttock.  M.C.L. § 750.520a(c).  The act of pinching a victim's buttocks is sufficient to constitute the force necessary to support a conviction for fourth-degree criminal sexual conduct.  *Michigan v. Premo*, 213 Mich. App. 406, 409 (1995).  Upon review this Court is satisfied that the Magistrate could reasonably conclude, based on the evidence described in the affidavit, that Defendant pinched CS' buttock for purposes of sexual arousal or

gratification, particularly where this action was accompanied by efforts to have CS remove all of her clothes and Defendant's statement that "what happens here, stays here."

In addition to giving probable cause to believe a crime was committed, the search warrant affidavit must show that there is a fair probability that evidence of that crime will be found at a particular location.  In this case there is no question that there was a fair probability that evidence of the crime would be found at the studio.  Such evidence would include the thong bathing suits and the coat CS was required to model for the pictures,  as well as the camera, computer, lights, and props used during the photo session.

Defendant contends, however, that the same cannot be said with respect to the search of his house.  Defendant contends that there was no nexus between his alleged criminal activity and his house.

Johnson noted in his affidavit that based upon his training and experience, he was aware that "people that participate in the child pornography genre often keep multiple images/photos of the victims that could be located both at his residence and at the place described as the studio for personal gratification."  (Aff., Ex. 2 & 3.)  Johnson also noted in his affidavit that Defendant had used a digital camera, and that the images could be stored on computers and disks for easy transportation and downloading.  Case law supports Johnson's statements regarding pedophiles and child pornographers.  For example, in *United States v. Wagers*, 452 F.3d 534 (6th Cir. 2006), the defendant challenged a search warrant on the basis that there was nothing connecting his residence to the alleged child pornography

offenses.  The Sixth Circuit rejected that argument, noting that the criminal activity of viewing child pornography is "much more tied to a place of privacy, seclusion," than the storage of other items, such as drugs.  *Id.* at 540.

Defendant contends that the problem with Johnson's statements in the affidavit regarding the habits of pedophiles or child pornographers is the lack of any foundational evidence that Defendant was himself a pedophile or child pornographer.  Defendant contends that this case is more similar to *United States v. Zimmerman*, 277 F.3d 426 (3rd Cir. 2002), where  the court found no probable cause to search the defendant's home.  The court in *Zimmerman* suppressed the fruits of a search at the defendant's home because the affidavit failed to demonstrate that the defendant was engaged in a continuing offense of acquiring pornography.  *Id.* at 434.  Defendant contends that the affidavit in this case similarly lacks any basis for tying pornographic materials to Defendant's house.

In *Zimmerman* the court noted that the affidavit contained "no information that Zimmerman had ever purchased or possessed child pornography."  *Id.* at 432.  In contrast to the affidavit in *Zimmerman*, the affidavit in this case contained probable cause to believe that Defendant produced or attempted to produce what appeared to be child pornography.  In addition, the affidavit stated that the mannerisms CS described as the posing method, the statement that "what happens here, stays here" and the use of a game to have CS remove her clothing "is consistent with a pedophile/child pornography perpetrator."

8

Notwithstanding Defendant's contentions to the contrary, the Court finds that the totality of the circumstances, including the posing method, the outfits, the Truth or Dare game, and Defendant's statements, are sufficient to create probable cause to believe that Defendant was a pedophile or child pornographer.  That evidence, together with the portable nature of the digital images and the affiant's testimony regarding the tendency of pedophiles or child pornographers to keep such images close at hand and at home where they could be accessed in privacy for personal gratification or distribution, was sufficient to enable the magistrate to reasonably conclude that there was probable cause to believe that evidence of child pornography would be found at Defendant's house.  The Court also finds that, contrary to Defendant's argument, there was sufficient time between the photo session that ended at 1:00 p.m. and the application for the search warrant at approximately 7:00 p.m., to support the conclusion that the images from the photo session would have been transported to Defendant's house.

### III.

Defendant has also argued that the warrant application deliberately omitted information that was material to the probable cause determination.  Specifically, Defendant contends that the affidavits failed to mention the mother's statement during a videotaped interview that CS was not a truthful person, that CS suffered from some sort of bi-polar disorder, and that CS's younger sister contradicted CS's statements about the photographs taken during the summer of 2005.  Defendant also contends that the videotaped interview

9

demonstrates that the affiant misrepresented a statement about Defendant seeing or photographing her bare breast.

If a defendant proves that false statements necessary to a finding of probable cause were intentionally, knowingly, or recklessly included in a search warrant affidavit, then the probable cause determination must be made on the basis of what remains of the affidavit after the challenged portion is set aside. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). The Sixth Circuit interprets *Franks* to apply to omissions of information from affidavits as well as to false statements. *Abboud,* 438 F.3d at 574 (citing *Hale v. Kart*, 396 F.3d 721, 726 n.4 (6th Cir.2005)). "Although material omissions are not immune from inquiry under *Franks*, we have recognized that an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information." *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). "If the defendant does succeed in making a preliminary showing that the government affiant engaged in 'deliberate falsehood' or 'reckless disregard for the truth' in omitting information from the affidavit, the court must then consider the affidavit including the omitted portions and determine whether probable cause still exists." *Id.*

The Court took testimony of Sgt. Richard Johnson and Det. Terry Broker at the hearing on September 18, 2007, regarding Defendant's assertion that the warrant application deliberately omitted material information. The evidence established that Sgt. Johnson drafted and signed the affidavit and that Det. Broker conducted the videotaped interview. These two

10

activities occurred at approximately the same time.  There is no evidence to suggest that Sgt. Johnson and Det. Broker discussed the contents of the interview before the search warrant was obtained.  Accordingly, there is no basis for finding that Sgt. Johnson deliberately or recklessly omitted information that Det. Broker learned during the videotaped interview from the search warrant affidavit.  Moreover, the information that was allegedly omitted was not material to a probable cause determination.  CS's mother, Peggy Jo Grigg, told Det. Broker that her  daughter had often lied to her, but not about this kind of information.  Grigg also told Det. Broker that she stressed to CS the need to be truthful because if Grigg thought it was necessary, she would call the police, and they would come to talk to CS.  (Tr. of 1/28/06 Videotaped Interview 24-25, Pl. Ex. 1a.)  Implicit in Grigg's testimony was that Grigg believed her daughter and that is why she called the police.  Moreover, although Grigg indicated that her younger daughter denied wearing a thong for photographs in the summer of 2005, Grigg indicated that she did not know whether her younger daughter did not remember, or whether she was just not telling her mother what actually happened.  (*Id*. at 24.) Det. Broker testified that he found CS's testimony to be believable and that he did not consider her mother's statements regarding her history of lying to be important enough to bring to the attention of Sgt. Johnson.

Defendant has failed to show by a preponderance of the evidence that the information omitted from the warrant was known by the affiant, or that it was material to the probable

cause determination.  Accordingly, the Court finds no merit to Defendant's *Franks'* challenge to the warrants.

## IV.

In light of this Court's determination above that the search warrants were not defective the Court need not consider whether the evidence is nevertheless admissible under the *United States v. Leon*, 468 U.S. 897 (1984), good faith doctrine.

For the foregoing reasons, the Court will deny Defendant's motion to suppress evidence.

An order consistent with this opinion will be entered.


Date:   <u>September 19, 2007</u>          <u>/s/ Robert Holmes Bell</u>
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE